# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 10, 2012

No. 10-31024
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR RENE PINTO,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CR-56-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Oscar Rene Pinto appeals the concurrent 96-month terms of imprisonment imposed after he was convicted of two counts of assaulting, resisting, opposing, impeding, intimidating, and interfering with a federal officer. *See* 18 U.S.C. § 111(a)(1). He argues that the district court erred in calculating his advisory sentencing guidelines range when it increased his offense level for obstruction of justice and denied a reduction in his offense level for acceptance of responsibility.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As a general rule, we review criminal sentences for procedural and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). We review a district court's application of the Sentencing Guidelines de novo, and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). A factual finding is not clearly erroneous if it is plausible in light of the record as a whole. *Id.* We will affirm the denial of a reduction for acceptance of responsibility unless it is "without foundation." *United States v. Anderson*, 174 F.3d 515, 525 (5th Cir. 1999).

Pinto has not shown that the district court erred by enhancing his offense level for obstruction of justice. *See* U.S.S.G. §§ 3C1.1(A), & 3C1.1, comment. (n.4(b)). The court found that Pinto wilfully gave false testimony under oath and those findings are supported by the record. *See United States v. Dunnigan*, 507 U.S. 87, 94-95 (1993). The testimony was material even though Pinto admitted facts at trial sufficient to support his convictions, because the relevant conduct he falsely denied was likely to influence the sentencing determination. *See United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008).

Pinto also has not shown that the district court erred in denying him a reduction in his offense level for acceptance of responsibility.[1] *See* § 3E1.1. Pinto elected to go to trial where he denied relevant conduct, attempted to minimize his culpability, and committed perjury. A reduction for acceptance of responsibility is not appropriate under such circumstances. *See* § 3E1.1, comment. (n.4); *United States v. Solis*, 299 F.3d 420, 458 (5th Cir. 2002); *United States v. Cabrera*, 288 F.3d 163, 175-77 (5th Cir. 2002). The district court's denial of a reduction for acceptance of responsibility was not without foundation. *See Anderson*, 174 F.3d at 525.

AFFIRMED.

---

[1] Pinto asserts, in the course of arguing that he accepted responsibility for his offense, that the district court erred by rejecting his guilty plea. However, he has waived any challenge to that decision by failing to adequately address it in his appellate brief. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010); FED. R. APP. P. 28(a)(9)(A).